## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 |
| **Suzanne Bair,** | Case No. 1:18-bk-12585 |
| *Debtor.* | Adv. proc. no. 1:19-ap-01009 |
| | Judge Beth A. Buchanan |
| **EILEEN K. FIELD, Chapter 7 Trustee.** | |
| Plaintiffm | |
| v. | |
| **SUZANNE BAIR, et al.,** | |
| Defendants. | |

## DEFENDANT DAVID E. BAIR, JR.'S
## MOTION FOR SUMMARY JUDGMENT

Defendant David Bair, who is not the Debtor, moves for summary judgment on the ground that the claims against him are barred by the discharge injunction of 11 USC §524(a)(2).

### I.   Facts

Only three facts are relevant to this motion. First, the complaint in this case seeks to recover monetary damages from David Bair based on conduct alleged to have occurred in May 2016. *See* Complaint, doc. 1., at ¶22.

1

Second, in January 2018 David Bair filed a chapter 7 petition in this Court, case no. 1:18-bk-10148. *See* Nye Decl. (attached) at ¶2.

Third, in September 2018 the court entered a discharge order for David Bair. *See* Nye Decl. at ¶3.

**II.    Argument**

Section 524(a)(2) provides that a bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

As the Sixth Circuit Bankruptcy Appellate Panel has said, "After a chapter 7 debtor meets his obligations under the Bankruptcy Code, he is discharged from all debts that arose prior to the filing of his bankruptcy case. The bankruptcy discharge operates as an injunction to prevent any person or entity from commencing or continuing an act to collect a discharged debt as a personal liability of the debtor. The purpose of the permanent injunction is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial fresh start. The injunction is intended to preclude virtually all actions to collect, *including post-discharge lawsuits*." *Badovick v. Greenspan (In re Greenspan)*, 464 B.R. 61, 2011 Bankr. LEXIS 272, at *7-8 (6th Cir. BAP 2011) (internal quotes omitted; emphasis added).

2

In *Badovick*, the debtors incurred a prepetition debt to Badovick, and Badovick obtained a prepetition judgment, of about $5600. *Id.* at *3. Also prepetition, the debtors engaged in a transaction under which friends purchased a home for them to live in, and title to the home was subsequently transferred to an entity of which one of the debtors was a member. *Id.* at *3-4. Some time later the debtors filed a chapter 7 petition, and they obtained a discharge in October 2007. *Id.* at *5.

In 2009, Badovick filed a complaint in state court alleging that the transaction involving the home was a fraudulent transfer. *Id.* at *5. He dismissed that lawsuit, but refiled shortly after, this time seeking to unwind the transfer but alleging that "no money judgment is being sought against" the debtors. *Id.* at *6.

The debtors sought sanctions against Badovick for violating their discharge injunction. After a hearing, the bankruptcy court awarded the sanctions, finding that Badovick "intended to pressure the debtors to pay the discharged debt by naming them as defendants in the [second] lawsuit, forcing them again to retain counsel to represent them, and also by naming their good friend" who had purchased the home as a defendant—all even though Badovick sought no monetary recovery from the debtors. *Id.* at *9-10 (markup sic).

Just as the plaintiff in *Badovick* violated the discharge injunction, so too has the plaintiff here. The plaintiff in this case sued David Bair based on an alleged transfer of a home, even though David Bair had subsequently filed a chapter 7 petition and received

3

a chapter 7 discharge. It did so and even though the plaintiff knew that David Bair had filed a chapter 7 petition, *see* Complaint, doc. 1, at ¶26 (alleging existence of petition), and thus knew or should have known that David Bair received a chapter 7 discharge.

The entire purpose of David Bair's chapter 7 discharge is, as *Badovick* says, "to preclude virtually all actions to collect, including post-discharge lawsuits" like this one. The discharge injunction bars the claims against David Bair. There thus is no set of facts under which the plaintiff can prevail, and David Bair is entitled to judgment as a matter of law.

### III. Conclusion

Summary judgment should be entered in favor of David Bair on all counts of the complaint. A sanctions motion will be filed separately at the appropriate time.

Respectfully submitted,

*/s/ Paul T. Saba*
Paul T. Saba, Esq. (0063723)
Jeffrey M. Nye, Esq. (0082247)
STAGNARO, SABA & PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
513.533.2703
513.533.2999 (facsimile)
paulsaba@sspfirm.com
**Attorneys for David E. Bair, Jr.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on June 28, 2019 upon the U.S. Trustee and on all registered ECF Participants, electronically through the court's ECF System at the email address registered with the Court:

4

/s/ *Paul T. Saba*
Paul T. Saba, Esq. (0063723)

5